UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDERO ANTHONY MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-02820-JLT-CDB<br><br>ORDER REQURING PLAINTIFF TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF SUBJECT MATTER JURISDICTION, AND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Cordero Anthony Martin ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on April 14, 2026. (Doc. 1).

**Background**

Plaintiff names as defendants Duke University, Timothy Ward Nichols, and Dennis Cutler Blair (collectively, "Defendants"), who all appear to be citizens of North Carolina. *Id.* at 2-3. Plaintiff asserts the basis for jurisdiction is federal question jurisdiction under 42 U.S.C. § 1983, 18 U.S.C. § 241, 42 U.S.C. § 12107, civil conspiracy presumably under 42 U.S.C. § 1985, and "treat of false imprisonment." *Id.* at 4.

Plaintiff alleges that Defendants "willingly and negligently discriminated" against him based on appearance and social status, depriving him "of a masters degree." *Id.* at 5. He alleges that "[a]lthough [he] cannot prove[, he] suspect[s] that they were the orchestrators behind cause of

action for case 1:25-cv-00483-CDB."[1]  *Id.*  Plaintiff seeks "7,000,007.07" for emotional distress and imprisonment, "3,999,993.04" for punitive damages, and for award of the masters degree "that was completed and paid for[.]"  *Id.* at 6.

**Discussion**

**A.    The Court Lacks Personal Jurisdiction over Defendants**

Based on Plaintiff's sparse and conclusory allegations, the Court lacks personal jurisdiction over Defendants, who all appear to be citizens of North Carolina.  Although Plaintiff does not allege diversity jurisdiction over these claims, even to the extent he could, it does not appear that the Court may exercise personal jurisdiction over Defendants based on the allegations of the complaint.

State law determines the scope of a federal court's personal jurisdiction over a named defendant.  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. Rule Civ. P. 4(k)(1)(A)).  "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."  *Id.*  "A plaintiff bears the burden of showing that a defendant is subject to the forum court's jurisdiction."  *High Tech Pet Products, Inc. v. Juxin Pet Product Co., Ltd.*, No. 1:10-cv-00547 LJO GSA, 2013 WL 1281619, at *4 (E.D. Cal. Mar. 27, 2013) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)).  "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''"  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (citation omitted).

Due process provides for both general and specific jurisdiction.  *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (citing *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021).  "A court has general jurisdiction over a defendant only when the defendant's contacts with the forum state are so 'continuous and systematic as to render them essentially at home in the forum State.'"  *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859

---

[1] The Court presumes Plaintiff refers to a separate action pending in this Court in which he also is Plaintiff, *Martin v. City of McFarland, et al.*, No. 1:25-cv-00483-CDB.  Plaintiff's lodged first amended complaint is pending screening in that action.

(9th Cir. 2022) (quoting *Bauman*, 571 U.S. at 127).    "[A] plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citation omitted).    In contrast, specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford*, 592 U.S. at 359.  "For an exercise of specific personal jurisdiction, the due process clause requires, *inter alia*, that the defendant 'take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State,' and that the plaintiff's claims 'arise out of or relate to the defendant's contacts with the forum.'" *Yamashita*, 62 F.4th at 503 (quoting *Ford*, 592 U.S. at 359).

Defendants are alleged to be a private university and its employees that reside in North Carolina.  There are no allegations suggesting their contacts with California are anything more than attenuated.  Indeed, Plaintiff's allegation that he "cannot prove" but that he "suspects" Defendants "were the orchestrators behind cause of action" asserted in Plaintiff's separate case pending before this Court (*see supra* n.1) without explanation is insufficient to demonstrate the Court has personal jurisdiction over Defendants.  Accordingly, the complaint, liberally construed, does not properly assert a basis to assert general personal jurisdiction over Defendants.  *Yamashita*, 62 F.4th at 503. Absent allegations about Defendants' specific actions in California, Defendants are not subject to specific personal jurisdiction in this district.  *See, e.g., Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 923 (C.D. Cal. 2015) (helicopter manufacturers not subject to specific jurisdiction because complaint lacked allegations that the helicopter at issue was manufactured or designed in California).

Based on the above, the Court will order Plaintiff to show cause in writing why this action should not be dismissed for lack of personal jurisdiction over Defendants.

### B.    The Court Lacks Subject Matter Jurisdiction

The Court has a duty to consider its own subject matter jurisdiction, regardless of whether the issue is raised by the parties and is required to dismiss an action over which it lacks jurisdiction. *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3).  Federal courts have limited jurisdiction and can adjudicate

only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).

As noted above, Plaintiff asserts subject matter jurisdiction exists pursuant to federal question jurisdiction. (Doc. 1 at 4).

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff's complaint is unclear and the factual allegations are lacking. Plaintiff references federal statutes, such as 42 U.S.C. § 1983. However, mere references to federal statutes are not enough to establish federal jurisdiction. *See Roberts v. Olson*, No. 22-cv-1373 JLS (BLM), 2023 WL 1869337, at *1 (S.D. Cal. Jan. 25, 2023) ("Mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction.") (citation and

4

quotation omitted).  Additionally, Plaintiff references, without context or explanation, that he "suspects" Defendants "were the orchestrators behind" his claims asserted in his separate action pending in this Court (*see supra* n.1).  Thus, Plaintiff does not cognizably plead facts sufficient to present a federal question on the face of the complaint.

Additionally, Plaintiff purports to assert claims pursuant to the "treaty of false imprisonment" though Plaintiff does not cite to a specific statute or provide allegations explaining those claims.  (Doc. 1 at 4).  Plaintiff also cites to a federal criminal statute, 18 U.S.C. § 241.  *Id.* References to criminal statutes do not state a claim for relief in a civil proceeding.  *See Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr. 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("'Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.'") (quoting *Kennedy v. World Sav. Bank, FSB*, No. 14-cv-05516-JSC, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015)).  Accordingly, the criminal statutes do not themselves establish a basis for jurisdiction.

In sum, it does not appear that this Court has subject matter jurisdiction over Plaintiff's claims on the basis of any federal question presented in the complaint.  Thus, the Court will order Plaintiff to show cause in writing why this action should not be dismissed for his failure to adequately plead that the Court has subject matter jurisdiction over his claims.

**C.     Plaintiff Fails to State any Cognizable Claims Pursuant to 42 U.S.C. § 1983**

Separately, the Court notes that Plaintiff fails to state any cognizable claims pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, "a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011).  Action under the color of state law normally consist of actions

taken by a public agency or officer. *Taylor v. First Wyoming, Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). Private parties are not generally acting under the color of state law for the purpose of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (a party charged with constitutional deprivation must be a governmental actor because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong"). However, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002) (internal quotation marks and alterations omitted).

The Ninth Circuit has recognized at least four tests that facilitate the identification of state action, namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations*, 975 F.3d 742, 747 (9th Cir. 2020) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)). Satisfaction of any of these tests is enough to find state action, provided no "countervailing" factors exist. *Id*. Regardless of the test, "[a]t bottom, the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 748 (internal quotations and citations omitted). The plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Here, Defendants are non-governmental actors. Plaintiff has not alleged facts demonstrating that any of these Defendants are state entities, state employees, contracted by the state, or were otherwise acting under color of state law. Therefore, Plaintiff fails to cognizably plead a Section 1983 claim because he fails to allege facts demonstrating that any named Defendant acted under color of state law in violating Plaintiff's constitutional rights.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that **within 21 days** from the date of issuance of this order, Plaintiff SHALL show cause in writing why this action should not be

6

dismissed for lack of personal jurisdiction, for lack of subject matter jurisdiction, and for failure to state a cognizable claim.

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss of the entire action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated:   **May 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE