UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDERO ANTHONY MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 1:26-cv-02820-JLT-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR E-FILING PRIVILEGES<br><br>(Doc. 4) |

Plaintiff Cordero Anthony Martin ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on April 14, 2026. (Doc. 1). On May 7, 2026, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for lack of personal jurisdiction, for lack of subject matter jurisdiction, and for failure to state a cognizable claim. (Doc. 3). Plaintiff's deadline to respond to the order to show cause remains May 28, 2026. *Id.* at 6-7.

Pending before the Court is Plaintiff's motion for permission to participate in electronic case filing dated April 29, 2026, and filed on the docket on May 7, 2026. (Doc. 4). Plaintiff represents that the address he "used with initial filings is a temporary address" the "lease ends June 30 2026[,]" and he "is in the process of procuring a traveling address and will update the district court once secured." *Id.* ¶ 1. He represents that he "will be traveling abroad due to political climate" and requests electronic case management privileges to allow him "to respond

regardless of global location as a physical address will not be had until conclusion of all actions and [he] return[s] to the United States for entry into law school." *Id.* ¶¶ 2, 3.

Generally, "self-represented litigants are not permitted to e-file in this district." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021); *see* Local Rule 133(b)(2) ("Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."). "[E]-filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused the filing procedures, the court will consider a further motion for e-filing privileges." *Miller*, 2021 WL 3539733 at *3.

Here, this case has not proceeded beyond the pleadings stage. Plaintiff has not yet filed a response to the Court's order to show cause why this action should not be dismissed for lack of personal jurisdiction, for lack of subject matter jurisdiction, and for failure to state a cognizable claim, which remains due on May 28, 2026. Although Plaintiff does not have access to electronically view the filings in the case, paper copies of all court orders (including minute orders) are mailed to him at the time of their issuance. It appears Plaintiff has no issue participating in this case or his other cases pending before the undersigned (*i.e.*, No. 1:25-cv-00483-CDB and No. 1:26-cv-02823-JLT-CDB) without access to e-filing, and there is no indication Plaintiff has not received the Court's orders in any of his cases. Therefore, the Court will deny Plaintiff's motion for electronic filing privileges at this time. Based on Plaintiff's representation that his lease is set to end on June 30, 2026, as Plaintiff is aware, he must keep the Court apprised of his current address. *See* Local Rule 183(b).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion for electronic filing privileges (Doc. 4) is DENIED.

IT IS SO ORDERED.

Dated:   __**May 12, 2026**__                    _____

UNITED STATES MAGISTRATE JUDGE

2